ALICE FLOCKHART, an Infant, by ALICE FLOCKHART, Her Guardian ad Litem, Appellant, v. COMCO HEATING OIL CORP., Respondent.— From an order directing a verdict in favor of the defendant, and the judgment entered thereon, in an action to recover damages for personal injuries, the plaintiff appeals. Judgment reversed on the law and the facts and a new trial granted, with costs to the appellant to abide the event. Upon the entire record a question of fact as to the negligence of the defendant and freedom from contributory negligence on the part of the plaintiff was clearly presented, and it was error for the trial court to direct a verdict. The appeal from the order is dismissed, without costs. No order is printed in the record. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.

AGOSTINO GNECCO, Respondent, v. INCORPORATED VILLAGE OF GREAT NECK PLAZA and Others, Appellants.— In an action for a declaratory judgment and an injunction, order denying defendants' motion to dismiss each of the four causes of action alleged in the complaint, pursuant to subdivision 5. of rule 106 of the Rules of Civil Practice, on the ground that on their face none of them states facts sufficient to constitute a cause of action, and to dismiss the fourth cause of action pursuant to rule 103 of the Rules of Civil Practice on the further ground that it is a repetition of the first cause of action, affirmed, with ten dollars costs and disbursements. Defendants' time to answer the complaint is extended until ten days after the entry of the order hereon. While the complaint is ineptly drawn, bearing in mind the liberality allowed in pleading in equity actions, we believe enough is alleged to require defendants to answer. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

ANNA HOWLEY, as Administratrix, etc., of JAMES HOWLEY, Substituted in Place of JAMES HOWLEY, Deceased, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant. (Appeal No. 1.) — Action to recover damages for personal injuries sustained by plaintiff's intestate allegedly as the result of the negligence of the defendant in the operation of a trolley car by reason of which [original] plaintiff was struck by the car. Upon the death of the original plaintiff after trial and entry of judgment the administratrix was substituted. Judgment for [original] plaintiff reversed on the facts and new trial granted, with costs to appellant to abide the event. The verdict was against the weight of the credible evidence. The testimony of the original plaintiff as to boarding the trolley car at Jay street and Myrtle avenue, Brooklyn, was refuted, not only by the testimony of the motorman, but by impressive documentary proof that at no time during the trip in which the accident occurred was the particular car closer to the place where the original plaintiff claimed to have boarded it than three miles. This proof is particularly significant in the light of the fact that the first intimation of a claim by [original] plaintiff that he was a passenger on the car was at the trial. The claim of the original plaintiff that the car traveled a distance of only one to one and a half feet from standstill to impact, rendering him immediately unconscious and causing fracture of his skull and inability to state what part of his body the car hit, borders on the incredible. The testimony of the only witness in corroboration of the [original] plaintiff as to the happening of the accident was refuted by the operator of the automobile in which he allegedly was riding when he saw the accident. Lazansky, P. J., Hagarty, Johnston and Taylor, JJ., concur; Close, J., concurs in result.